This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                        **No. 32,415**

**ROBERT C. ARMIJO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM

Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}    Defendant appeals from his conviction for battery on a household member. We issued a notice of proposed summary disposition, proposing to uphold the conviction.

Defendant has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's assertions of error, and therefore affirm.

{2}     We previously set forth the pertinent background information in the notice of proposed summary disposition, and we find no disagreement relevant to the historical facts in the memorandum in opposition. We will therefore avoid unnecessary reiteration here.

{3}     Defendant renews his argument that the prosecutor and the entire district attorney's office should have been disqualified for bias. [MIO 9-13] In this regard Defendant continues to assert that the prosecutor's motion to have him placed on a no-hold bond, her involvement with the filing of the new battery charge against him, her request that his family members be escorted from the courthouse, and her recommendation that the judge impose the maximum allowable sentence reflected personal animus against him. [MIO 9-13]

{4}     "Bias is a ground upon which a prosecutor may be disqualified." *State v. Gonzales*, 2005-NMSC-025, ¶ 39, 138 N.M. 271, 119 P.3d 151. "The personal bias that is disqualifying, however, is a bias that creates an opportunity for conflict or other improper influence on professional judgment." *Id.* As we previously explained in the notice of proposed summary disposition, none of the events surrounding the prosecution of this case indicate that the prosecutor harbored such a disqualifying bias

against Defendant. Significantly, we find no suggestion of any extrajudicial source. *See id.* ¶¶ 46-47 (indicating that although prosecutors are not held to the same standard of impartiality as judges, in the arena of disqualification, the standard applicable to judges with respect to personal bias provides guidance); *see generally United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 247, 629 P.2d 231, 323 (1980) (providing relative to judges that bias or prejudice must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case" in order to be disqualifying (internal quotation marks and citation omitted)). Nor do we find any indication that the prosecutor had any prior relationship which could be said to have compromised her judgment, nor had she expressed any personal interest in the proceedings or hostility toward Defendant individually. *Cf. Gonzales*, 2005-NMSC-025, ¶¶ 40-47 (holding that prior professional relationships, together with repeated expressions of personal animosity, could support disqualification).

**{5}** Defendant's memorandum in opposition contains nothing new in the way of responsive argument or authority. We therefore adhere to our initial assessment, that the metro court did not abuse its discretion in denying Defendant's motion to disqualify.

{6} We acknowledge that Defendant disagrees with our assessment, [MIO 9] and we recognize Defendant and his family members may differ in their personal views relative to the nature and significance of their own behavior. [MIO 12] However, as a reviewing court we cannot entertain Defendant's attempts to minimize his own misconduct and the misconduct of his family in court. [MIO 12] *See generally Gonzales*, 2005-NMSC-025, ¶ 21 (observing that "[d]isputes over historical facts are resolved by trial courts, and appellate courts give great deference to a trial court's factual determinations"); *cf. State v. Martinez*, 2002-NMSC-008, ¶ 74, 132 N.M. 32, 43 P.3d 1042 (Serna, C.J., dissenting) (observing that the trial court is in the best position to determine what occurred before it, and accordingly, when the trial court "settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable" (internal quotation marks and citations omitted)). As we previously explained, based on the record before us the prosecutor appears to have reacted in a measured and appropriate fashion to Defendant's misconduct and the disruptive behavior of Defendant's family members. We therefore reject Defendant's assertion that the prosecutor's actions reflect a "pattern of animus" against him. [MIO 13]

{7} Defendant also renews his related argument that the entire district attorney's office should have been disqualified. [MIO 14-15] Because we reject Defendant's

4

assertion that the individual prosecutor should have been disqualified, we similarly conclude that disqualification of the entire office was not required. [MIO 14-15] *State v. Robinson*, 2008-NMCA-036, ¶ 28, 143 N.M. 646, 179 P.3d 1254.

{8}	Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{9}	**IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**

5